## No. 23-11699-G

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

————————

SONNY RAMDEO,
                    *Petitioner/Appellant,*

v.

UNITED STATES OF AMERICA,
                    *Respondent/Appellee.*

————————

On Appeal from the United States District Court
for the Southern District of Florida

————————

INITIAL BRIEF BY APPELLANT SONNY RAMDEO
————————

MICHAEL CARUSO
 FEDERAL PUBLIC DEFENDER
ANDREW L. ADLER
 ASS'T FEDERAL PUBLIC DEFENDER
Counsel for Appellant
 1 E. Broward Blvd., Suite 1100
 Ft. Lauderdale, FL 33301
 (954) 356-7436

THIS CASE IS ENTITLED TO PREFERENCE
(CRIMINAL CASE)

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

## Sonny Ramdeo v. United States
## Case No. 23-11699-G

Appellant files this Certificate of Interested Persons and Corporate Disclosure Statement, as required by 11th Cir. R. 26.1.

Adler, Andrew L.

Adler, Robert

Brannon, Hon. Dave Lee

Caruso, Michael

Cohen, Ellen L.

Diamond, Alan Samuel

Fajardo Orshan, Ariana

Ferrer, Wifredo

Foldes, Margaret Y.

Gonzalez, Juan Antonio

Greenberg, Benjamin G.

Gyires, Marton

Hopkins, Hon. James M.

Lapointe, Markenzy

Marra, Hon. Kenneth A.

Matthewman, Hon. William

Matzkin, Daniel

Pleasonton, David Frank

Ramdeo, Sonny

Rodriguez, Jr., Valentin

Rosenbaum, Richard L.

Ryskamp, Hon. Kenneth L.

United States of America

# STATEMENT REGARDING ORAL ARGUMENT

This appeal presents a legal question of first impression in this Circuit: whether a federal prisoner who remains in custody may challenge a non-custodial aspect of his sentence—here, a $21 million restitution award—via writ of error *coram nobis*. The district court held that *coram nobis* was unavailable because Mr. Ramdeo remained in custody. But this Court has never addressed that question. In fact, it has left that question open twice before, including in one of Mr. Ramdeo's earlier appeals. *See Ramdeo v. United States*, 760 F. App'x 900, 903 n.2 (11th Cir. 2019); *Arnaiz v. Warden, Fed. Satellite Low*, 594 F.3d 1326, 1329 n.3 (11th Cir. 2010). And other circuits have divided on it. *Compare Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997) (citing *United States v. Mischler*, 787 F.2d 240, 241 n.1 (7th Cir. 1986)) (prisoners in custody may challenge restitution via *coram nobis*) *and Kaminski v. United States*, 339 F.3d 84, 89–91 (2d Cir. 2003) (op. of Calabresi, J.) (same) *with United States v. Hatten*, 167 F.3d 884, 887 n.6 (5th Cir. 1999) (opposite). Because this appeal squarely presents a recurring question of first impression in this Circuit, and that question has divided other circuits, oral argument would benefit the Court.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT .................................................................. C-1

STATEMENT REGARDING ORAL ARGUMENT ................................... i

TABLE OF CITATIONS ............................................................. iii

STATEMENT OF JURISDICTION ........................................................ 1

STATEMENT OF THE ISSUE .............................................................. 2

STATEMENT OF THE CASE ............................................................... 3

    I.     Course of Proceedings, Facts & Disposition Below ..................... 3

    II.    Standard of Review .................................................................... 7

SUMMARY OF THE ARGUMENT .......................................................... 8

ARGUMENT AND CITATIONS TO AUTHORITY ................................... 9

    A.    Prisoners in Custody May Use *Coram Nobis* to Challenge Non-Custodial Aspects of Their Sentence .................................. 9

    B.    The District Court's Contrary Reasoning Is Erroneous ........... 15

CONCLUSION ...................................................................................... 21

CERTIFICATE OF COMPLIANCE ......................................................... 22

CERTIFICATE OF SERVICE ................................................................ 23

# TABLE OF CITATIONS

<u>CASES</u>

*Alikhani v. United States,*
    200 F.3d 732 (11th Cir. 2000)............................................................7, 20

*Arnaiz v. Warden, Fed. Satellite Low,*
    594 F.3d 1326 (11th Cir. 2010).........................................................i, 17

*\*Barnickel v. United States,*
    113 F.3d 704 (7th Cir. 1997)......................................................i, 10, 15

*Blaik v. United States,*
    161 F.3d 1341 (11th Cir. 1998)..........................................................5, 9

*Carnesi v. United States,*
    933 F.Supp.2d 388 (E.D.N.Y. 2013)....................................................15

*\*Kaminski v. United States,*
    339 F.3d 84 (2d Cir. 2003) ...................................................i, 11–15, 17

*Mamone v. United States,*
    559 F.3d 1209 (11th Cir. 2009)............................................................9

*Pa. Bureau of Corr. v. U.S. Marshals Serv.,*
    474 U.S. 34 (1985)...............................................................................16

*Ramdeo v. United States,*
    760 F. App'x 900 (11th Cir. 2019)..................................................i, 4, 17

*United States v. Brown,*
    117 F.3d 471 (11th Cir. 1997)..............................................5, 10, 15, 16

*United States v. Christensen,*
    2021 WL 185050 (D. Ariz. Jan. 19, 2021)...........................................15

*United States v. Denedo*,
    556 U.S. 904 (2009) ...................................................................... 16

*United States v. Garcia*,
    181 F.3d 1274 (11th Cir. 1999) ........................................... 4, 15

*United States v. Hatten*,
    167 F.3d 884 (5th Cir. 1999) .................................... i, 13, 14

*United States v. Holt*,
    417 F.3d 1172 (11th Cir. 2005) ........................................... 19

*United States v. Mills*,
    221 F.3d 1201 (11th Cir. 2000) .............................................. 1

*United States v. Mischler*,
    787 F.2d 240 (7th Cir. 1986) ................................. i, 11, 15

*United States v. Morgan*,
    346 U.S. 502 (1954) ................................................ 6, 7, 18, 19

*United States v. Peter*,
    310 F.3d 709 (11th Cir. 2002) .............................. 7, 17, 20

*United States v. Ramdeo*,
    682 F. App'x 751 (11th Cir. 2017) ........................................ 3

*United States v. Stefanoff*,
    149 F.3d 1192, 1998 WL 327888 (10th Cir. 1998) ............... 15

*United States v. Tonagbanua*,
    706 F. App'x 744 (3d Cir. 2017) .......................................... 15

*Untied States v. Miller*,
    546 F. App'x 335 (5th Cir. 2013) ........................................ 14

## <u>Statutes</u>

18 U.S.C.
 § 1343 ...................................................................... 3
 § 1956 ...................................................................... 3
28 U.S.C.
 § 1291 ...................................................................... 1
 § 1651(a) .................................................................. 1
 § 2255 ............................................................... *passim*
 § 2255(a) ................................................................. 9

## <u>Rule</u>

Fed. R. Civ. P. 60(b) ................................................. 18

# STATEMENT OF JURISDICTION

"Federal courts have authority to issue a writ of error *coram nobis* under the All Writs Act, 28 U.S.C. § 1651(a)." *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000). Thus, the district court had jurisdiction under § 1651(a). This Court has jurisdiction under 28 U.S.C. § 1291, which confers jurisdiction on the courts of appeals from final judgments of the district courts. Mr. Ramdeo timely noticed an appeal on May 19, 2023 (DE 9) from the court's final judgment of May 16, 2023 (DE 8).

## STATEMENT OF THE ISSUE

Whether a federal prisoner who remains in custody may challenge a non-custodial aspect of his sentence (*e.g.*, restitution) via *coram nobis*.

## STATEMENT OF THE CASE

### I.   COURSE OF PROCEEDINGS, FACTS & DISPOSITION BELOW

**1.**    In 2015, Mr. Ramdeo was convicted of one count of wire fraud, in violation of 18 U.S.C. § 1343, and one count of money laundering, in violation of 18 U.S.C. § 1956. (No. 12-cr-80226 ("Cr."), DE 268). The district court sentenced him to 20 years in prison (*id*. at 2), 3 years of supervised release (*id*. at 3), and over $21 million in restitution (*id*. at 5).

In 2017, this Court affirmed Mr. Ramdeo's conviction and sentence. *United States v. Ramdeo*, 682 F. App'x 751 (11th Cir. 2017); (Cr. DE 327). On appeal, he argued, *inter alia*, that the "district court erred in calculating the amount of restitution" because it "should have reduced the restitution amount by [certain] tax abatements" that the victim company had received. *Id*. at 758. This Court rejected that argument because the district court had considered Mr. Ramdeo's contention and had in fact reduced the loss amount based on certain tax abatements. *Id*.

**2.**    Mr. Ramdeo subsequently filed a *pro se* petition for a writ of *audita querela*, challenging the restitution amount. Based on newly discovered evidence, he argued that the restitution amount was significantly higher than it should have been, and he believed that

*audita querela* was his only remedy available. (No. 17-cv-81110, DE 1).

The district court, however, re-characterized the petition as one for a writ of *coram nobis* and denied it on that basis. (*Id.*, DE 4, 6). On appeal, Mr. Ramdeo argued that this re-characterization was inappropriate. But this Court affirmed because, even assuming he was correct about that, "a writ of *audita querela* [wa]s not an appropriate remedy for the issues presented in his petition." *United States v. Ramdeo*, 760 F. App'x 900, 901 (11th Cir. 2019). That was so, the Court explained, because his claim "attacks the validity of the restitution judgment, not its enforcement," based on subsequent information, and that sort of claim was covered by the writ of error *coram nobis* rather than *audita querela*. *Id.* at 903–04.

In footnote 2, this Court added that, because it had "conclude[d] that Mr. Ramdeo's claimed errors do not justify a writ of *audita querela*, [it] decline[d] to address two legal issues underpinning the district court's order." *Id.* at 903 n.2. The second issue is the one now at issue here:

> We have stated that "[c]oram nobis relief is unavailable to a person, such as the appellant, who is still in custody." *United States v. Garcia*, 181 F.3d 1274, 1274 (11th Cir. 1999). However, the context for that general rule [is] that "an available statutory habeas remedy precludes *coram nobis* relief," meaning that "*coram nobis* [is] unavailable as a matter of law" if the petitioner is in custody and § 2255 provides an avenue for relief. *United States v. Brown*, 117 F.3d 471, 475

(11th Cir. 1997). The facts of Mr. Ramdeo's petition seem to expose an exception to the general rule that someone "in custody" cannot obtain *coram nobis* relief because Mr. Ramdeo is serving his criminal sentence, but § 2255 does not provide an avenue for relief. *See Blaik v. United States*, 161 F.3d 1341, 1343 (11th Cir. 1998) (holding that § 2255 cannot be used by a federal prisoner who challenges only the restitution portion of his sentence). We leave these issues for another day.

**3.**     Taking this Court's suggestion, Mr. Ramdeo filed a *pro se* petition for a writ of *coram nobis*. (DE 1). He claimed, *inter alia*, that due to ineffective assistance of trial counsel, *Brady*/discovery violations, and further financial analysis constituting new evidence unavailable at the time of the restitution hearing, the restitution award was based on an incomplete record and inaccurate information that he had lacked a meaningful opportunity to challenge. (*See id*. at 1, 3–4, 13–18). As to the legal question reserved by this Court in his earlier appeal, he argued that, although he remained in custody, *coram nobis* was the appropriate mechanism for bringing his claim, since there was no other procedure available, including 28 U.S.C. § 2255. Although he acknowledged that this was an open question in this Circuit, he relied on decisions from other courts of appeals and district courts. (*See id*. at 3, 5–13, 18–19).

Without addressing the merits of Mr. Ramdeo's claim, the government responded that he was "precluded from bringing his claim pursuant to a writ of *coram nobis*." (DE 6:8). As relevant here, the government relied on Fifth Circuit authority and argued that he could not use *coram nobis* petition because he was in custody. (*Id*. at 8, 10–12).

In his reply, Mr. Ramdeo reiterated that the restitution award was based on materially false information, and he did not have a previous opportunity to demonstrate that fundamental error due to ineffective assistance of counsel, *Brady*/discovery violations, incomplete information, and newly discovered evidence. (*See* DE 7:1–6). He further argued that there was "no requirement in the text of the statute or in case law that a petitioner must be out of custody to bring a *coram nobis* claim," and that he otherwise satisfied the writ's criteria. (*Id*. at 1, 5–6).

The district court denied the petition. (DE 8). The court concluded that "Petitioner is ineligible for *coram nobis* relief" because he remained in custody on his federal sentence. (*Id*. at 4). Relying on *United States v. Morgan*, 346 U.S. 502 (1954) and this Circuit's case law, the district court believed that "*coram nobis* relief is only available after a petitioner has served his sentence" and is out of custody. (*Id*. at 3–4). "Therefore," the

court "den[ied] the instant Petition without discussing the merits of the Petition or any procedural bars." (*Id*. at 4). Thus, that legal question is now squarely presented here. In that regard, the district court noted that, while "Petitioner claims that several courts have recognized that the out-of-custody requirement is not an absolute prerequisite to *coram nobis* relief," the court declined to address that authority. (*Id*. at 4 n.2). Instead, it opined that "the only binding case Petitioner cites to support that assertion is *Morgan*—a case which makes no exception to the out-of-custody requirement. Thus, Petitioner's claim is rejected." (*Id*.).

## II. STANDARD OF REVIEW

"A district court's denial of *coram nobis* relief is reviewed for abuse of discretion, keeping in mind that 'an error of law is an abuse of discretion *per se*.'" *United States v. Peter*, 310 F.3d 709, 711 (11th Cir. 2002) (quoting *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000)).

## SUMMARY OF THE ARGUMENT

The district court concluded that Mr. Ramdeo was "ineligible" for *coram nobis* relief because he remained in custody. That was legal error.

In his petition, Mr. Ramdeo challenged a $21 million restitution award. Citing ineffective assistance of counsel, discovery violations, and newly discovered evidence, he argued that the award had been based on materially false information. That claim could not have been raised at sentencing or on direct appeal. It could not have been raised in a petition for *audita querela* (as this Court has already held in one of Mr. Ramdeo's earlier appeals). And, most importantly, it could not have been raised in a 28 U.S.C. § 2255 motion because it does not seek release from custody.

The upshot is that a petition for a writ of error *coram nobis* is the only way for Mr. Ramdeo to bring his restitution claim. Challenges to a conviction or sentence can (and so must) be brought under § 2255. But because claims challenging non-custodial aspects of a sentence cannot be brought under § 2255, *coram nobis* must remain available to fill the gap. Otherwise, there would be no mechanism to remedy certain fundamental errors. Decisions from the Supreme Court, this Court, and other circuits all support that conclusion. And no binding precedent is to the contrary.

## ARGUMENT AND CITATIONS TO AUTHORITY

The district court denied Mr. Ramdeo's *coram nobis* petition for just one reason: it concluded that he was "ineligible for *coram nobis* relief" because he remained in custody. (DE 8:4). That was an error of law.

### A. Prisoners in Custody May Use *Coram Nobis* to Challenge Non-Custodial Aspects of Their Sentence

**1.** As a general matter, federal prisoners who remain in custody must seek post-conviction relief under 28 U.S.C. § 2255. That statute provides that "[a] prisoner in custody" under a federal sentence "claiming the right to be released" on certain grounds must file a motion to vacate, correct, or set aside the sentence under § 2255. 28 U.S.C. § 2255(a).

Critically, however, § 2255 only authorizes claims seeking release from custody. It does *not* authorize claims challenging non-custodial aspects of the sentence. For that reason, this Court has squarely held that claims challenging restitution are not cognizable under § 2255. *Blaik v. United States*, 161 F.3d 1341, 1342–43 (11th Cir. 1998). And that is true even where a § 2255 motion brings such a non-cognizable claim along with a cognizable claim seeking release from custody. *Mamone v. United States*, 559 F.3d 1209, 1210–11 (11th Cir. 2009) ("the presence of a

9

cognizable claim against Mamone's custodial punishment does not make his non-cognizable claims more amenable to our review").

Because federal prisoners who remain in custody cannot challenge the non-custodial aspects of their sentence via § 2255, the question arises: is there *any* procedural mechanism by which they can do so? Mr. Ramdeo maintains that the writ of error *coram nobis* must remain available. After all, *coram nobis* is (by very definition) an extraordinary writ "limited to cases in which no statutory remedy is available or adequate." *United States v. Brown*, 117 F.3d 471, 474–75 (11th Cir. 1997) (quotation omitted). And because federal courts hold that § 2255 does not authorize challenges to non-custodial aspects of a sentence, *coram nobis* should be able to fill that void in extraordinary cases where its criteria are met.

2.    The Seventh Circuit has reached that very conclusion. After acknowledging that restitution claims are not cognizable under § 2255, it "note[d] that the unavailability of relief under § 2255 does not leave a deserving petitioner entirely without recourse." *Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997). That circuit had previously "approved the use of a writ of error *coram nobis* to challenge a restitution order that was based on inaccurate information." *Id*. (citing *United States*

*v. Mischler*, 787 F.2d 240 (7th Cir. 1986)). In *Mischler*, that court explained that, while *coram nobis* had been abolished in the civil context, "it retains its viability in criminal proceedings," and the court deemed the "petition for *coram nobis* relief to be proper" in that case because it was "Mrs. Mischler's only avenue of relief." *Mischler*, 787 F.2d at 241 n.1.

Judge Calabresi has agreed, elaborating in *Kaminski v. United States*, 339 F.3d 84 (2d Cir. 2003). As this Court would later hold in *Mamone*, the Second Circuit in *Kaminski* joined other circuits in holding that non-custodial aspects of a sentence may not be challenged via § 2255, even if the motion *also* challenges custodial aspects of a sentence. *Id*. at 88. In so holding, the Second Circuit emphasized that "[h]abeas lies to allow attacks on wrongful custodies," and so there was "no reason why the presence of a plausible claim against a custodial punishment should make a noncustodial punishment more amenable to collateral review." *Id*. at 89. Otherwise, those who remained in custody would be treated better than those who were out of custody, an arbitrary distinction. *Id*.

Although that holding was enough to resolve the case, Judge Calabresi wrote for himself to explain why it also followed that those in custody could use *coram nobis* to challenge non-custodial aspects of their

sentence. Before approvingly discussing the Seventh Circuit precedent above, he explained: "To say that habeas challenges are restricted to those situations in which freedom from custody is at stake is not to foreclose other collateral attacks in some cases where lesser interests are involved." *Id.* at 89–90. At the same time, he added, "*coram nobis* is an extraordinary remedy which operates under rules that are generally more stringent than those applicable to habeas," and so "collateral relief is less readily obtained from noncustodial punishments than from custodial, which . . . is perfectly sensible." *Id.* at 90.

But while such collateral relief will be difficult to obtain, ensuring that it remains available rendered the law congruent and coherent. As he explained, § 2255 does not permit a challenge to non-custodial aspects of the sentence just because they are joined with a challenge to a custodial aspect. One reason for this is that "a petitioner who is in custody should not be favored in his challenge to non-custodial punishment over a petitioner who is not in custody." Judge Calabresi explained that "[t]he potential availability of *coram nobis* means that the petitioner in custody is also not *dis*favored. This is so because the fact of his custody no more precludes his challenge to the non-custodial elements of his sentence

through *coram nobis* . . . than does the fact of his custody permit him to challenge those non-custodial elements through habeas." *Id*.

According to Judge Calabresi, that conclusion produced "an element symmetry in the availability of challenges to punishments." *Id*. at 91. Where a collateral attack goes "to something as inherently fundamental as restraints on freedom sufficient to amount to 'custody,' the great writ, habeas, presumptively lies. When instead custody is not at stake, challenges only be made through the use of extraordinary writs like *coram nobis*, which lie only if the challenged error is fundamental. The fact that a petitioner seeks to challenge both custodial and non-custodial punishments at the same time neither expands nor contracts the scope of either habeas or the extraordinary writs." *Id*.

**3.** In concluding that *coram nobis* remains available to those in custody who seek to challenge non-custodial aspects of the sentence, Judge Calabresi noted that the Fifth Circuit had taken the contrary view in *United States v. Hatten*, 167 F.3d 884 (5th Cir. 1999). In a conclusory footnote, the Fifth Circuit in *Hatten* "note[d] in passing" that *coram nobis* was available only to those who were no longer in custody. *Id*. at 887 n.6 And because the petitioner there remained in custody, he could not use

it to challenge restitution. *Id.*; *see, e.g.*, *Untied States v. Miller*, 546 F. App'x 335, 336 (5th Cir. 2013) (same, citing footnote 6 of *Hatten*).

Judge Calabresi, however, criticized the "Fifth Circuit's seeming *ipso facto* limitation." *Kaminski*, 339 F.3d at 90 n.4. He explained: "If a *coram nobis* remedy—that might, at least in extraordinary cases of injustice, be available to a nonincarcerated petitioner who sought to challenge a fine or restitution order—was rendered *un*available by the very fact that a petitioner was incarcerated, it would no longer be the case that permitting § 2255 habeas to such a prisoner would *unfairly* favor him over petitioners who were not in custody." *Id*.

He further remarked that, while *coram nobis* "has been described as available to petitioners 'no longer in custody,'" that "need not mean that the mere *status* of being 'in custody' bars an individual from seeking a writ of *coram nobis*. It could just as readily mean that *coram nobis* cannot be used to challenge *custody*." *Id*. "Indeed, allowing courts to entertain *coram nobis* challenges to noncustodial punishments . . . even though the petitioner is also in custody, is simply the converse of *not* allowing a court to exercise § 2255 jurisdiction to review collaterally noncustodial punishments of petitioners . . . who are in custody." *Id*.

**4.** Notably, and while not deciding the issue, other circuits have recognized that the Seventh Circuit permits—and Judge Calabresi would permit—in-custody federal prisoners to use *coram nobis* to challenge restitution or fines, since they cannot do so in a § 2255 motion to vacate. *See, e.g.*, *United States v. Tonagbanua*, 706 F. App'x 744, 746–47 (3d Cir. 2017) (citing *Barnickel* and *Kaminski*); *United States v. Stefanoff*, 149 F.3d 1192, 1998 WL 327888, at *2 (10th Cir. 1998) (citing *Mischler*). And several district courts have found that view persuasive. *See, e.g.*, *United States v. Christensen*, 2021 WL 185050, at *4–5 (D. Ariz. Jan. 19, 2021); *Carnesi v. United States*, 933 F.Supp.2d 388, 394 (E.D.N.Y. 2013).

## B.    The District Court's Contrary Reasoning Is Erroneous

The district court here, however, concluded that Mr. Ramdeo was categorically "ineligible for *coram nobis* relief" because he remained in custody. (DE 8:4). In so concluding, the court made two key legal errors.

**1.** The district court relied primarily on decisions of this Court, stating that "[c]oram nobis relief is unavailable to a person . . . who is still in custody." (DE 8:4) (quoting *United States v. Garcia*, 181 F.3d 1274, 1274 (11th Cir. 1999) (citing *United States v. Brown*, 117 F.3d 471, 475 (11th Cir. 1997))). But the district court over-read these decisions.

To be sure, they establish a general rule: *coram nobis* is unavailable to those in custody. But those cases all arose in the context of challenges to custody, where § 2255 provided a remedy. And where such a remedy exists, an extraordinary writ like *coram nobis* does not. *United States v. Denedo*, 556 U.S. 904, 911 (2009). Notably, the *Brown* case cited by the district court made that point. *See* 117 F.3d at 474–75 ("If Brown was 'in custody' within the meaning of § 2255 . . . , then the statutory remedies of that provision were available to him, and *coram nobis* relief was unavailable as a matter of law."); *see also Pa. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985) ("The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.").

But the district court cited no decision of this Court—and Mr. Ramdeo is unaware of any such decision—holding that being in custody precludes a *coram nobis* challenge to *non*-custodial aspects of a sentence. Again, that scenario is very different because § 2255 does *not* provide a remedy, as it is limited to claims seeking release from custody. And because § 2255 does not cover challenges to non-custodial aspects of

a sentence, *coram nobis* must be able to fill the gap. Indeed, this Court has recognized that "the writ of error *coram nobis* acts as an assurance that deserved relief will not be denied as a result of the technical limitations of other post-conviction remedies." *Peter*, 310 F.3d at 712.

In Mr. Ramdeo's own case, moreover, this Court has previously recognized that such a scenario "expose[s] an exception to the general rule that someone 'in custody' cannot obtain *coram nobis* relief" because "§ 2255 does not provide an avenue for relief." *Ramdeo v. United States*, 760 F. App'x 900, 903 n.2 (11th Cir. 2019). And this Court, in a published opinion, has expressly reserved the question presented here. *See Arnaiz v.Warden, Fed. Sattlite Low*, 594 F.3d 1326, 1329 n.3 (11th Cir. 2010) ("We also express no opinion on the availability of other writs, such as a writ of *coram nobis*, to bring collateral attacks against restitution orders.") (citing *Kaminski*, 339 F.3d at 89–90 & n.4). This Court could not have expressly reserved that legal question had this Court already decided it. Thus, the district court legally erred by ruling that this Court had rendered *coram nobis* relief categorically unavailable to someone in custody seeking to challenge a non-custodial aspect of their sentence.

**2.** In a final footnote, the district court acknowledged that Mr. Ramdeo had cited decisions from other courts, but the court declined to address them because they were not "binding." (DE 8:4 n.2). Instead, the court observed that "the only binding cases Petitioner cites to support [his] assertion is *Morgan*—a case which makes no exception to the 'out-of-custody.' Thus, Petitioner's claim is rejected." (*Id.*). But the district court misread *United States v. Morgan*, 346 U.S. 502 (1954). In fact, that decision supports rather than undercuts Mr. Ramdeo's position.

In *Morgan*, the petitioner challenged the validity of his federal conviction after he had completed his federal sentence and was no longer in federal custody. The Supreme Court held that, in that scenario, *coram nobis* remained available under the All Writs Act, notwithstanding Federal Rule of Civil Procedure 60(b) and § 2255. *Id.* at 506–07, 511. The Court noted that, while Rule 60(b) had "expressly abolish[ed] the writ of error *coram nobis* in civil cases," that did not apply because *coram nobis* was "a step in the criminal case and not . . . the beginning of a separate civil Proceeding." *Id.* at 505 n.4. The Court further rejected the notion that § 2255 "should be construed to cover the entire field of remedies in the nature of *coram nobis*." *Id.* at 510–11;

*see also id*. at 256 (Minton, J., dissenting) ("Since Congress did not see fit in [§] 2255 to extend the remedy there provided to persons not in federal custody under the judgment attacked, I do not feel free to do so.").

"Accordingly, the teaching of *Morgan* is that federal courts may properly fill the interstices of the federal postconviction remedial framework through remedies available at common law." *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) (quotation and brackets omitted). Thus, where § 2255 does not cover a scenario, *coram nobis* remains available. In *Morgan*, the petitioner's challenge to the validity of his conviction would have been cognizable under § 2255; but § 2255 did not cover him because he was no longer in custody. Here, the converse is true. Mr. Ramdeo is in custody under § 2255; but his restitution claim is not cognizable under § 2255. Thus, the general rule recognized in *Morgan* should apply no less here than it did there: because § 2255 does not cover this case, the writ of error *coram nobis* should remain available.

Contrary to the district court's understanding, nothing in *Morgan* held that *coram nobis* is categorically unavailable to those who remain in custody. To be sure, the petitioner in *Morgan* was out of custody. But the reason why *coram nobis* remained available to him was not simply that

he was out of custody; rather, it was that he could not seek relief under § 2255, which did not otherwise displace the All Writs Act. As explained, the same conclusion should apply here, where § 2255 is unavailable to Mr. Ramdeo. Although he is in custody, § 2255 is unavailable because his restitution claim is not cognizable under § 2255. Were this Court to hold that only out-of-custody defendants could challenge restitution via *coram nobis*, that would favor those who have completed their sentences over those who have not. But because § 2255 is equally unavailable to both groups, there is no basis for drawing such an arbitrary distinction.

*   *   *

None of this is to say that *relief* should be liberally granted. To the contrary, *coram nobis* is an extraordinary remedy, and the criteria are appropriately stringent. *See, e.g.*, *Peter*, 310 F.3d at 712; *Alikhani*, 200 F.3d at 734. Nonetheless, the rarity of relief does not justify a categorical rule rendering all in-custody prisoners ineligible for *coram nobis* where, as here, they challenge non-custodial aspects of their sentence. Doing so would needlessly require them to wait until they have fully served their sentences (including supervised release), which will often take many years or decades—all while being forced to pay the disputed restitution

or fine. And, in cases where the defendant has a life sentence (including a life term of supervised release), there would be no remedy at all, including for violations of the constitutional right to effective assistance of counsel. Accordingly, the Court should hold that in-custody defendants are not categorically barred from challenging restitution via *coram nobis*. And because that legal error was the exclusive basis for the order below, this Court should vacate and remand for consideration of the petition.

## CONCLUSION

Mr. Ramdeo respectfully requests that the Court vacate the district court's order and remand for further proceedings.

Respectfully submitted,

MICHAEL CARUSO
 FEDERAL PUBLIC DEFENDER

*/s/ Andrew L. Adler*
ANDREW L. ADLER
 ASS'T FEDERAL PUBLIC DEFENDER
 Counsel for Appellant
 1 E. Broward Blvd., Suite 1100
 Ft. Lauderdale, FL 33301
 (954) 356-7436

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B), because it contains 4,170 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii). I certify that this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6), because it has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in New Century Schoolbook 14-point font.

*/s/ Andrew L. Adler*

**CERTIFICATE OF SERVICE**

I certify that on this 23rd day of June 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and it is being served this day via CM/ECF on Daniel Matzkin, Assistant U.S. Attorney, 99 N.E. 4th Street, Suite 523, Miami, FL 33132.

*/s/ Andrew L. Adler*